UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EURON MATTHEWS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:07CV1937 HEA/FRB |
| AL LUEBBERS,[1] | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the petition of Missouri state prisoner Euron Matthews ("petitioner") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters, and for rulings on non-dispositive matters.

Petitioner is currently serving a total of twenty-five years imprisonment, imposed via two consecutive sentences by the Circuit Court of Marion County, Missouri, for committing two counts of delivery or sale of a controlled substance. (Respondent's Exhibit ("Resp. Exh.") A at 41).

Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, alleging that the trial court violated his right to due process by convicting him and denying his motion

---

[1]Because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster should be added as a proper party respondent. See Rules 2(a), (b), Rules Governing Section 2254 Cases in the United States District Courts.

for judgment of acquittal, inasmuch as the evidence was insufficient to find him guilty beyond a reasonable doubt of either count. (Resp. Exh. C). On January 15, 2002, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. (Resp. Exh. E). Taking judicial notice of the state court docket sheet in petitioner's underlying case, see Levy v. Ohl, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records), the undersigned notes that petitioner filed a motion for rehearing on January 24, 2002, which the Missouri Court of Appeals denied on February 20, 2002.[2] On March 4, 2002, petitioner filed an application for transfer to the Missouri Supreme Court, but neither the record of petitioner's direct appeal proceedings nor an independent search reveals the date of the disposition of petitioner's application.[3] The record does not indicate that petitioner sought certiorari in the U.S. Supreme Court. The Missouri Court of Appeals issued its mandate on May 10, 2002.[4]

On July 29, 2002, petitioner filed a pro se motion for post-conviction relief, and an amended motion was filed by counsel on petitioner's behalf on October 16, 2002. (Resp. Exh. F at 1, 4-10, 13-19). Following an evidentiary hearing, the circuit court denied petitioner's motion on December 31, 2003. (Id. at 81). Petitioner appealed the denial of his motion to the Missouri Court

---

[2]See docket sheet, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number ED79439, page 3.

[3]See Id. at pages 3-4.

[4]Id. at 4.

of Appeals. (Resp. Exh. H). On January 11, 2005, the Missouri Court of Appeals affirmed, (Resp. Exh. J), issuing its mandate on September 7, 2005. (Resp. Exh. K).

More than one year and seven months later, on April 15, 2007, petitioner filed a pro se motion to amend his sentence with the Circuit Court of Marion County, Missouri, on the ground that he had been erroneously classified and sentenced as a prior offender. (Resp. Exh. L). On May 1, 2007, the circuit court denied petitioner's motion. (Resp. Exh. M).

Petitioner subsequently filed a series of state habeas petitions. The first was filed on June 6, 2007 in the Missouri Court of Appeals, and was dismissed on that same day due to petitioner's failure to comply with Rule 84.22(a).[5] Petitioner filed a second habeas petition in the 24th Judicial Circuit on July 11, 2007, which was denied on August 27, 2007.[6] Petitioner filed a third habeas petition in the Missouri Court of Appeals on September 24, 2007, which was denied on October 1, 2007.[7]

The instant petition for writ of habeas corpus was docketed in this Court on November 14, 2007; however, the petition indicates that petitioner signed and mailed it on October 31, 2007. Applying the prison mailbox rule, Van Orman v. Purkett, 43 F.3d

---

[5] See docket sheet, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number ED89806.

[6] See docket sheet, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number 07SF-CC00929.

[7] See docket sheet, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number ED90297.

1201 (8th Cir. 1994), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on October 31, 2007, the date petitioner signed and mailed the petition.

In the instant petition, petitioner raises one claim for relief. Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) because more than one year passed between the conclusion of direct review of his conviction and sentence and the filing of the instant petition. Respondent alternately contends that petitioner's claim is procedurally barred and meritless.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1). The triggering date for the statute of limitations that is relevant to the case at bar is the later of the date when the judgment became final by the "conclusion of direct review" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Eighth Circuit has recognized that, in situations in which the U.S. Supreme Court would have had jurisdiction to review the petitioner's direct appeal, the "direct review" contemplated by §2244(d)(1)(A) encompasses review of a state conviction by the United States Supreme Court. Riddle v. Kemna, 523 F.3d 850, 853 (8th Cir. 2008); see also Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998). In such cases, if

the petitioner did not file a petition for writ of certiorari, his conviction becomes final when the time for filing that petition expires. Riddle, 523 F.3d at 855. If the Supreme Court would have lacked jurisdiction to review the petitioner's direct appeal, the statute of limitations begins to run immediately following the conclusion of the petitioner's direct appeal. Id. In Missouri cases, the U.S. Supreme Court would lack jurisdiction over the petitioner's case if the petitioner failed to file a motion for discretionary review in the Missouri Supreme Court. See Id.

A petition for writ of certiorari from the Supreme Court must be filed within ninety days of the appellate court's entry of such judgment or decree. 28 U.S.C. § 2102(c); United States Supreme Court Rule 13.[8] "Only 'a genuinely final judgment' will trigger § 2101(c)'s 90-day period for filing a petition for certiorari" in the U.S. Supreme Court. Limtiaco v. Camacho, 549 U.S. 483, 487 (2007) (quoting Hibbs v. Winn, 542 U.S. 88, 98 (2004)). "In most cases, the 90-day period begins to run immediately upon entry of a lower court's judgment. In some cases, though, the actions of a party or a lower court suspend the

---

[8]United States Supreme Court Rule 13 provides:

> [A] petition for writ of certiorari to review judgment in any case ... entered by a state court of last resort ... is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

-5-

finality of a judgment and thereby reset the 90-day 'clock.'" Id. One such action is a petition for rehearing, which would effectively suspend the finality of the lower court's judgment, inasmuch as it raises the question of whether the lower court will modify the judgment and alter the parties' rights. Id.

In the case at bar, after the Missouri Court of Appeals affirmed petitioner's convictions and sentences on January 15, 2002, petitioner filed a petition for rehearing, which was denied on February 20, 2002. Petitioner then filed an application for transfer to the Missouri Supreme Court on March 4, 2002, but the record does not indicate the date of disposition. However, viewing the circumstances of the case at bar in the light most favorable to the conclusion that the petition is timely, the undersigned will presume, as respondent did, that the time for petitioner to seek direct review in this case expired on August 9, 2002, ninety days after the Missouri Court of Appeals issued its mandate.

Excluded from the computation of the one-year limitations period is the time during which a "properly filed" application for post-conviction review, or other collateral review, is pending in state court. 28 U.S.C. § 2244(d)(2); Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Whether such an application is "pending" for purposes of § 2244(d)(2) is a matter of federal law, which in turn requires the examination of the state court procedures. Payne, 441 F.3d at 571 (citing Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999)). The term "pending" includes the interval between the state trial court's denial of post-conviction relief and the filing of an

appeal therefrom, Beery, 312 F.3d at 950; and the time during this appellate process through and including the date upon which mandate issues. Payne, 441 F.3d at 572 ("The Missouri Court of Appeals has repeatedly held that an appeal is not considered complete or final until the mandate is issued.") Section 2244(d)(2) does not toll the statute of limitations for the ninety-day period during which a writ of certiorari could be sought. Lawrence v. Florida, 549 U.S. 327, (2007); Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001).

In the case at bar, petitioner filed a motion for post-conviction relief on July 29, 2002, and the Missouri Court of Appeals issued its mandate in petitioner's post-conviction proceedings on September 7, 2005. The limitations period was therefore tolled until September 7, 2005, and petitioner had until September 7, 2006 to file a federal habeas petition. Because petitioner did not file the instant habeas petition until October 31, 2007, the petition is untimely according to § 2244(d)(1).

Even though petitioner makes no argument directed to this issue, the undersigned notes that neither petitioner's motion to amend his sentence nor any of his state habeas petitions serve to toll the statutory period, inasmuch as none were filed before the AEDPA statute of limitations expired. See Polson v. Bowersox, 595 F.3d 873, 876 (8th Cir. 2010); Gray v. Gammon, 213 F.3d 917, 918 (8th Cir. 2002). Finally, petitioner does not argue, nor does the record reflect, that any extraordinary circumstances prevented him from timely filing the instant petition, or that the state

-7-

prevented him from taking more timely action. Equitable tolling is therefore not justified in this case. See Beery, 312 F.3d at 951. The undersigned therefore concludes that the instant petition is untimely according to § 2244 (d)(1), and should be dismissed.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Euron Matthews's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed.

The parties are advised that they have to and including January 13, 2011, to file objections to this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of December, 2010.